UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

ROSEMARIE WILLIAMS,

                                              Plaintiff,          Case # 22-CV-6554-FPG

v.                                                                       DECISION & ORDER

TOM MILLION, et al.,

                                              Defendants.
_____

## INTRODUCTION

*Pro se* Plaintiff Rosemarie Williams brings what she styles an "Accord and Satisfaction" complaint. ECF No. 1 at 1. Defendants are Specialized Loan Servicing, LLC ("SLS")—the putative servicer for Plaintiff's home equity line of credit—and Tom Million—SLS's CEO. *Id.* Currently before the Court are three motions: (1) Defendants' motion to dismiss,[1] ECF No. 8; (2) Plaintiff's motion for miscellaneous relief, ECF No. 13; and (3) Plaintiff's motion for summary judgment, ECF No. 18. For the reasons that follow, Defendants' motion to dismiss is GRANTED, and, as a consequence, Plaintiff's motions are DENIED.

## LEGAL STANDARD

A complaint will survive a motion to dismiss under Rule 12(b)(6) when it states a plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). A claim for relief is plausible when the plaintiff pleads sufficient facts that allow the Court to draw the reasonable inference that the defendant is liable for the alleged misconduct. *Id.* at 678. In considering the plausibility of a claim, the Court must accept factual allegations as true and draw all reasonable inferences in the

---

[1] Plaintiff argues that she did not receive proper notice of Defendant's motion. *See* ECF No. 17 at 2. Even if true, that fact does not warrant denial of the motion. It is undisputed that Plaintiff has actual notice of the motion and has been given a full opportunity to respond.

1

plaintiff's favor.  *Faber v. Metro. Life Ins. Co.*, 648 F.3d 98, 104 (2d Cir. 2011).  At the same time, the Court is not required to accord "[l]egal conclusions, deductions, or opinions couched as factual allegations . . . a presumption of truthfulness."  *In re NYSE Specialists Secs. Litig.*, 503 F.3d 89, 95 (2d Cir. 2007).

## BACKGROUND

At the outset, the Court clarifies that its analysis of Defendants' motion to dismiss is limited to the allegations contained in, and the documents attached to, Plaintiff's complaint.  Since filing her complaint, Plaintiff has submitted hundreds of pages of additional documents to the Court. "Generally, in adjudicating a Rule 12(b)(6) motion, a district court must confine its consideration to facts stated on the face of the complaint, in documents appended to the complaint or incorporated in the complaint by reference, and to matters of which judicial notice may be taken." *Ceara v. Deacon*, 68 F. Supp. 3d 402, 405 (S.D.N.Y. 2014) (internal quotation marks and brackets omitted).  Although this rule is not applied as strictly to *pro se* litigants, insofar as a court "may consider factual allegations contained in a pro se litigant's opposition papers and other court filings," *Rodriguez v. Rodriguez*, No. 10-CV-891, 2013 WL 4779639, at *1 (S.D.N.Y. July 8, 2013), the Court declines to exercise that discretion and instead disregards any such additional allegations, claims, or documents proffered by Plaintiff.  This is because Plaintiff fails to sufficiently describe the relationship between these additional materials and the claims that she has raised in her complaint (or is seeking to add to her complaint).  Put simply, "[d]istrict judges are not mind readers."  *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).  "[T]hey cannot be expected to construct full blown claims from sentence fragments," *id.*, and they are not obligated to "review a rambling narrative in an attempt to determine the number and nature of a plaintiff's claims."  *McElroy v. Gomez*, No. 20-CV-658, 2020 WL 6561214, at *5 (E.D. Cal. Nov.

9, 2020) (internal quotation marks omitted).  As will be discussed below, in connection with her amended complaint (if she chooses to file one), Plaintiff is free to clarify her allegations, explain the import of the additional documentation she has submitted, and raise any additional claims that she might wish to bring.  For now, the Court will confine itself to assessing whether the complaint, as originally filed, states a valid claim for relief.

The following facts are taken from the complaint.  In December 2020, Plaintiff received a letter from SLS stating that it was the new servicer of her home equity line of credit.[2]  ECF No. 1-1 at 9.  In January 2021, Plaintiff sent two documents to SLS.  *Id.* at 8-10.  The first is titled "NOTICE OF NO CONTACT CONTRACT."  *Id.* at 8.  It purports to be a contract between Plaintiff and SLS requiring SLS to pay Plaintiff quantities of "pure fine GOLD" for continued "contractual relations."  *Id.*  The second document is a notice requesting that SLS verify that it is the servicer of her home equity line of credit.  *Id.* at 9.  In the letter, Plaintiff wrote, "[M]y records reflect you are not, neither have you ever been a known *creditor* of mine, or one that I have conducted any consumer transactions with."  *Id.*  Citing various statutes, Plaintiff requested that SLS verify its "status and capacity."  *Id.*  Plaintiff suspected that SLS was, in fact, a "debt collector" posing as "a mortgagee or servicer."  ECF No. 1-1 at 9.  Plaintiff warned that she would "charge [SLS] $9,000 a hour until [it] prove[d] that [it was] the original creditor of the alleged contract/note."  *Id.* at 10.  She further warned that SLS's failure to provide the requisite information would be "deemed prima facie evidence of fraud by mail and racketeering," and that she intended

---

[2] Plaintiff does not appear to dispute that, as a general matter, she has a home-equity loan with an associated mortgage on her property.  Per the Monroe County public-records portal, a mortgage between Plaintiff and State Farm Bank was recorded in 2003 (Book/Page: M 16972 0077).  *See Contempo Acquisition, LLC v. U.S. Dep't of Housing & Urban Dev.*, No. 06-CV-3654, 2007 WL 3254916, at *2 (S.D.N.Y. Oct. 30, 2007) (quoting another source for the proposition that courts may "may take judicial notice of public records, such as publicly recorded deeds" (internal ellipsis omitted)).

3

to bring a legal action against SLS if it failed to provide sufficient evidence of the "alleged debt." *Id.*

In early July 2021—approximately six months later—Plaintiff mailed SLS a check for $1,140, which included her account number and contained the notation "Full Satisfaction of Claim." ECF No. 1-2 at 6. SLS cashed the check on July 22, 2021, *id.* at 5, but continues to demand payment in connection with Plaintiff's home equity line of credit. *See* ECF No. 1-5 at 13. Plaintiff also appears to allege that SLS has reported her to credit reporting agencies. *See* ECF No. 1-1 at 10.

In December 2022, Plaintiff brought the present action. ECF No. 1. Plaintiff does not clearly identify the causes of action that she raises against Defendants. Regardless, the Court need not determine precisely the universe of claims that Plaintiff raises. Whether they arise in contract, in tort, or under some state or federal statute—Plaintiff's claims rely on a singular premise: Plaintiff asserts that the home equity line of credit was extinguished when SLS cashed her July 2021 check, pursuant to the doctrine of accord and satisfaction. *See, e.g.*, ECF No. 1-3 at 5. Plaintiff alleges that she subsequently incurred various damages after SLS failed to acknowledge that fact and continued its efforts to collect on her loan. For example, Plaintiff seeks damages (a) for all payments "made after the acceptance of [the] check tendered for accord and satisfaction"; (b) for "the violation of continued contact and harassment"; (c) for "willful intrusion . . . into [her] credit report"; and (d) for breach of contract. *Id.* at 4. Plaintiff also requests the release of the lien associated with her home equity line of credit.[3]  *Id.*

---

[3] Separately, Plaintiff appears to argue that Defendants' use of her name constitutes a "copyright violation." ECF No. 1 at 4. This claim does not have merit. *See In re Ditech Holding Corp.*, No. 19-CV-10412, 2020 WL 3967897, at *8 (S.D.N.Y. July 11, 2020) ("[A] person's name is not copyrightable material.").

**DISCUSSION**

Defendants argue, and the Court agrees, Plaintiff has failed to sufficiently allege accord and satisfaction with respect to her home equity line of credit. Accordingly, Plaintiff's complaint fails to state a claim for relief and must be dismissed under Rule 12(b)(6).[4]

"An accord and satisfaction, as its name implies, has two components. An accord is an agreement that a stipulated performance will be accepted, in the future, in lieu of an existing claim. Execution of the agreement is a satisfaction." *One Stop 34, LLC v. Stimdel Props. (FL), Inc.*, No. 19-CV-4011, 2021 WL 8344133, at *13 (E.D.N.Y. Sept. 4, 2021). "As a general rule, the acceptance of a check in full settlement of a disputed, unliquidated claim, without any reservation of rights, operates as an accord and satisfaction discharging the claim." *Id.* Furthermore, "an accord and satisfaction will only be found where there is a clear manifestation of intent by the parties that the payment was made, and accepted, in full satisfaction of the claim." *TIAA Global Invs., LLC v. One Astoria Square LLC*, 7 N.Y.S.3d 1, 11 (1st Dep't 2015) (internal quotation marks omitted). Plaintiff bears the burden of proving these requirements. *See Alentino, Ltd. v. Chenson Enters., Inc.*, 938 F.2d 26, 28 (2d Cir. 1991).

Plaintiff's allegations do not establish an accord and satisfaction. By definition, that doctrine presumes the existence of an underlying claim, dispute, or obligation between the parties, as it is the underlying claim or dispute that is the subject of subsequent settlement by accord and satisfaction. *See Reilly v. Barrett*, 220 N.Y. 170, 172-73 (1917) ("An agreement whereby one party undertakes to give or perform, and the other to accept in settlement of *an existing or matured*

---

[4] Defendants correctly note that accord and satisfaction is "an affirmative defense and does not form the basis for an independent cause of action under New York law." *ISS Facility Servs., Inc. v. Fedcap Rehab. Servs., Inc.*, No. 20-CV-6591, at *6 n.4 (S.D.N.Y. July 2, 2021). Nevertheless, because it is unclear whether Plaintiff is only raising a breach-of-contract claim premised on accord and satisfaction, or whether she is attempting to raise other kinds of claims in tort or under statute based on the alleged accord and satisfaction, the Court proceeds to analyze the sufficiency of Plaintiff's allegations.

5

*claim*[,] something other than what he believes himself entitled to, is an accord." (emphasis added)); *Profex, Inc. v. Town of Fishkill*, 883 N.Y.S.2d 912 (2d Dep't 2009) (mem. op.) ("The party asserting . . . accord and satisfaction must establish that there was *a disputed or unliquidated claim between the parties* which they mutually resolved through a new contract discharging *all or part of their obligations under the original contract*." (emphases added)).  In this case, Plaintiff does not clearly allege what claim, dispute, or obligation existed between her and SLS prior to the alleged accord and satisfaction.

On the one hand, she appears to assert that SLS is *not* her loan servicer but rather a debt collector perpetuating some sort of fraudulent scheme against her.  *See* ECF No. 1-1 at 9 (suggesting that SLS is posing as a "mortgagee or servicer" but is, in fact, "neither"); ECF No. 1-6 at 11 (stating that SLS is attempting "to defraud [her] of money" and is engaging in "chimerical and nonsensical frauds").  In effect, she seems to be arguing that there was no pre-existing contractual relationship between her and SLS.  But if that were so, there would also be no pre-existing claim, dispute, or obligation that could be the subject of an accord and satisfaction.  In other words, if SLS is not Plaintiff's loan servicer, but a mere fraudster, then it could not have had the authority to discharge Plaintiff's home-equity loan (and the associated lien) by accord and satisfaction.

On the other hand, Plaintiff is adamant that the cashed check did discharge her home-equity loan. *See, e.g.*, ECF No. 1-5 at 15.  That could be true only if SLS were, in fact, her loan servicer (or otherwise possessed some other authority over Plaintiff's home loan).  If Plaintiff seeks to proceed on that theory, however, her complaint remains insufficient because she fails to allege any dispute over the existence or amount of her home-equity loan debt.  *See MacDonald v. Fed. Life & Cas. Co.*, 410 F. Supp. 1126, 1228 (E.D.N.Y. 1976) ("There can be no accord and satisfaction

6

of a claim where there was no dispute."). This remains true notwithstanding Plaintiff's notation on the check. *See Edwards v. Nemet Motors, LLC*, 79 N.Y.S.3d 841, 843 (App. Term 2018) ("[A]cceptance of part payment of a liquidated claim is no defense to an action for the balance, even where part payment is in the form of a check reciting that it is in full settlement, in the absence of a signed agreement or some consideration which is new or collateral to the partial payment.").

For these reasons, Plaintiff's "accord and satisfaction" theory fails, and her complaint must be dismissed. Given the voluminous documentation that Plaintiff has submitted subsequent to the filing of her complaint, and the lack of clarity with respect to her claims, legal theories, and factual allegations, the Court cannot conclude that leave to amend would be futile, and therefore it will permit Plaintiff to file an amended complaint, if she wishes to do so.[5] *See Pantoka v. Banco Popular*, 545 F. App'x 47, 49-50 (2d Cir. 2013).

## CONCLUSION

For the reasons stated herein, Defendants' motion to dismiss (ECF No. 8) is GRANTED. Plaintiff's complaint (ECF No. 1) is DISMISSED without prejudice to filing an amended complaint by October 9, 2023. If Plaintiff fails to file an amended complaint by October 9, 2023, the Court will dismiss Plaintiff's complaint with prejudice and will direct the Clerk of Court to close the case. Plaintiff's motions (ECF Nos. 13, 18) are DENIED AS MOOT.

IT IS SO ORDERED.

Dated: September 11, 2023
       Rochester, New York

HON. FRANK P. GERACI, JR.
United States District Judge
Western District of New York

---

[5] The Court advises Plaintiff that an amended complaint will completely replace her prior complaint in this action because "an amended complaint ordinarily supersedes the original and renders it of no legal effect." *Arce v. Walker*, 139 F.3d 329, 332 n.4 (2d Cir. 1998). Therefore, if Plaintiff files an amended complaint, it must include all of her allegations against Defendants, and all relevant exhibits, so that it may stand alone as the sole complaint in this action.